IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION-MEMPHIS

_____

| | |
|---|---|
| **MICHELLE ELAINE MORGAN,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | |
| **PRUDENTIAL INSURANCE CO.** ) | Civ. No. _____ |
| **OF AMERICA,** ) | **JURY DEMAND** |
| ) | |
| DEFENDANT. ) | |
| ) | |

_____

**COMPLAINT FOR BREACH OF INSURANCE CONTRACT, STATUTORY BAD FAITH PENALTY AND OTHER RELIEF**
_____

Michelle Elaine Morgan, through Counsel, as her Complaint for Breach of Insurance Contract, statutory bad faith penalty and other relief, respectfully alleges as follows:

**PARTIES**

1. Plaintiff, Michelle Elaine Morgan is an individual citizen of the State of Tennessee. She resides at 3723 Oakley Avenue in Memphis, Shelby County, Tennessee 38111.

2. Defendant, Prudential Insurance Company of America is a corporation organized and existing under the laws of the state of New Jersey.

## JURISDICTION

3. This Court has original jurisdiction over the above-styled action, pursuant to the provisions of 28 U.S.C. 1332 (a) and (c) and because the defendant, Prudential Insurance Company of America, is not a citizen or resident of the State of Tennessee, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

4. On or about July 1, 1987, Ms. Michelle Elaine Morgan, formerly known as Michelle Morgan Gower purchased a Group Universal Life Insurance Policy with accidental death and dismemberment coverage on her husband, James W. Gower, III through her employer, Bellsouth Corporation. Ms. Michelle Elaine Morgan named herself as beneficiary under the policy. The Group Universal Life Insurance Policy was underwritten by Metropolitan Life Insurance Company. On or about July 1, 1999, Bellsouth Corporation changed the Underwriter and Plan Administrator of the Group Life Insurance Contract from Metropolitan Life Insurance Company to the Prudential Insurance Company of America. At all relevant times, Mr. James W. Gower, III was an insured eligible for benefits under the Group Universal Life Insurance Policy and Michelle Elaine Morgan was his primary beneficiary. His insurance coverage under the Group Policy included a death benefit of $100,000.00 and an additional accidental death benefit of $100,000.00 for a total of $200,000.00. In 1994, Ms. Michelle Elaine Morgan obtained a divorce from her husband, James W. Gower, III but she remained his primary

beneficiary on the policy and she continued to make all premium payments on it.

5. On February 27, 2013, the insured, James W. Gower, III, was found lying in his yard by his neighbor. The neighbor called the 911 Emergency number and the Memphis Police Department and Fire Department Unit 26 responded to the scene. Mr. Gower was unresponsive and was subsequently transported to St. Francis Bartlett Hospital. After all life-saving efforts were exhausted, he was pronounced dead at 9:31 A.M. Mr. Gower's body was transported to the West Tennessee Regional Forensic Center for further examination. On February 28, 2013, an autopsy examination was conducted by Marco A. Ross, Pathologist of the Shelby County Medical Examiner's Office. Dr. Ross determined the cause of death to be morphine toxicity and classified the manner of death as an accident. The toxicology analysis of a postmortem blood sample revealed a toxic concentration of morphine.

6. On August 19, 2013, the beneficiary, Michelle Elaine Morgan through her Attorney, Paul Gene Craig filed a claim for a death benefit of $100,000.00 and an accidental death benefit of $100,000.00 under Mr. Gower's Group Universal Life Insurance Policy with the Prudential Insurance Company of America.

7. On October 3, 2013, Prudential Insurance Company of America paid the death benefit of $100,000.00 to the beneficiary, Michelle Elaine Morgan. Prudential notified the beneficiary's Attorney that it was unable to make a benefit determination regarding her claim to the accidental death benefit of

$100,000.00 and that it required additional time to review the claim file. Prudential requested that he provide it with the following information: Authorization for Release of Information to the Prudential Insurance Company of America, Affidavit of Relationship, Name and address of attending physicians (s) used by the insured, records from St. Francis Hospital for the ER/Outpatient services rendered on February 27, 2013, prescription records from the pharmacies used by the insured, a copy of the autopsy report, a copy of the toxicology report and a copy of the police/accident report. On January 23, 2014, Plaintiff's Attorney mailed the requested documents to Prudential along with a settlement demand of $100,000.00 plus interest from March 13, 2013 until the date of payment. Ms. Jill Vivian, Claims Coordinator of Prudential responded to the beneficiary's settlement demand in a letter dated January 30, 2014 to Plaintiff's Attorney notifying him that it required an extension of time to review the information.

8. On March 19, 2014, Prudential denied the accidental death claim of the beneficiary, Michelle Elaine Morgan. Prudential denied the claim based on the review of Albert A. Kowalski, a Medical Consultant employed by Prudential. Dr. Kowalski agreed that the insured's death was an accident and that he died from morphine toxicity but he claimed that the insured death was excluded as a loss not covered under the policy. He stated that the insured was prescribed morphine for chronic pain due to osteoarthritis of the spine and the bilateral knees. If not for the insured's osteoarthritis of the spine and bilateral knees, the insured would not have been prescribed morphine and could not have

died from morphine toxicity. Prudential claimed the loss was a loss not covered because it was excluded as a sickness, whether the loss results directly or indirectly from sickness and was medical or surgical treatment of sickness, whether the loss results directly or indirectly from the treatment.

9. On July 14, 2014, the beneficiary through her Attorney filed a written appeal of the denial of her Claim with the Appeal Coordinator of the Prudential Insurance Company of America. On November 25, 2014, the Appeals Committee of Prudential denied her appeal stating that it was excluded as a loss under the policy. The Appeals Committee ruled it was excluded as a sickness, whether the loss results directly or indirectly from the sickness and it was a medical or surgical treatment of sickness, whether the loss results directly or indirectly from the treatment.

10. On May 6, 2015, the beneficiary through her Attorney filed a second written appeal of the denial of her claim with the Appeal Coordinator of the Prudential Insurance Company of America. The beneficiary also made a written demand for payment pursuant to the bad faith statute of Tennessee, namely Tenn. Code Ann. § 56-7-105. On September 10, 2015, the Appeals Committee of Prudential denied her second appeal stating that it was excluded as a loss under the policy. The Appeals Committee again ruled that it was excluded as a sickness, whether the loss results directly or indirectly from the sickness and that it was a medical or surgical treatment of sickness, whether the loss results directly or indirectly from the treatment.

11. On February 27, 2013, the insured, James W. Gower, III, accidentally died as a direct and proximate result of an overdose of morphine. The insured's medical records from Prime Health Medical Center, P.C. and the insured's RX History Report from the Board of Pharmacy, Tennessee Department of Health shows that Mr. Gower was taking the morphine by prescription and consumed it on the advice of his Doctor. Under Section B, **Losses not Covered (9) page 22 of the Accidental Death and Dismemberment COVERAGE SECTION OF THE POLICY,** it excludes being legally intoxicated or under the influence of any narcotic unless administered or consumed on the advice of a Doctor. Since Mr. Gower was taking two tablets of Morphine Sulfate per day for a total of 120 MG at the time of his death on the advice of his Doctor, his accidental death should be covered as a loss under the policy.

12. Ms. Michelle Elaine Morgan is Mr. Gower's primary beneficiary under the Group Policy and is entitled to receive accidental death benefits as a result of Mr. Gower's death.

13. Ms. Michelle Elaine Morgan submitted a timely claim for accidental death benefits under the Group Policy.

14. Prudential has wrongly denied Ms. Morgan's claim for accidental death benefits. Ms. Morgan has administratively appealed Prudential's denial of her claim for accidental death benefits on two occasions, and Prudential has upheld its decision to deny Ms. Morgan's claim.

15. Tenn. Code Ann. § 56-7-105 (a) was in effect at all times material hereto. Said statute provides in relevant part as follows:

**56-7-105 (a)**

**Additional liability upon insurers and bonding companies for bad-faith failure to pay promptly.**

The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided, further, that the additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

16. As a direct and proximate result of the wrongful denial of her claim for accidental death benefits by Defendant, Prudential, Plaintiff, Michelle Elaine Morgan, has sustained additional costs and expense for which she seeks recovery under the provisions of Tenn. Code Ann. § 56-7-105 (a).

WHEREFORE, Plaintiff, Michelle Elaine Morgan, respectfully requests that this Honorable Court order the Plan Administrator, Prudential Insurance Company of America

to file the administrative record considered by it with the Court; and Plaintiff, prays for judgment against defendant, Prudential Insurance Company of America for breach of its insurance contract in the sum of $100,000.00, plus a bad faith penalty of 25% for a total judgment of $125,000.00, together with pre-judgment interest from March 13, 2013 until the date of judgment, attorney fees, court costs, post judgment interest and demands a jury to try all the issues when joined.

Respectfully submitted,

s/Paul Gene Craig
Paul Gene Craig
B.P.R. (5028)
Attorney for Plaintiff, Michelle Elaine Morgan
5100 Poplar Avenue, Suite 2727
Memphis, TN  38137
Phone Number:  (901) 682-4160
Fax:  (901) 682-4173
E Mail:  paulgcraig@aol.com

s/John R. Johnson, III
B.P.R. (7595)
Attorney for Plaintiff, Michelle Elaine Morgan
5299 Mendenhall Park Place
Memphis, Tennessee  38115
Phone Number: (901) 547-7600
Fax Number:  (901) 547-7605
E-Mail: jrj3@aol.com